**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:20cv117-GCM**

| | | |
|---|---|---|
| **JONATHAN IVEY PATTERSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's Motion for Fees Pursuant to the Equal

Access to Justice Act 28 U.S.C. § 2412(d)(1)(A). The Commissioner has opposed the motion and

the Plaintiff has filed a Reply brief. This matter is now ripe for disposition.

**PROCEDURAL BACKGROUND**

On March 4, 2020, an ALJ issued a decision finding that Plaintiff was not disabled under

the Social Security Act and the Appeals Council denied Plaintiff's request for review. Plaintiff

filed his Complaint in this Court. In his Motion for Summary Judgment, Plaintiff's sole argument

was that in finding that he was noncompliant with treatment, the ALJ failed to properly evaluate

whether his mental impairments contributed to or caused his noncompliance. This Court held

that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled

was supported by substantial evidence. (Doc. No. 20). The Court therefore entered judgment in

favor of the Commissioner.

Plaintiff appealed to the Fourth Circuit Court of Appeals but before the Court considered

the merits of the case, the Commissioner, through a consent motion, asked the Fourth Circuit to

remand the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Fourth Circuit granted the motion to remand the case to the District Court, so that the parties could jointly ask the District Court to remand the case to the Commissioner for further administrative proceedings. (Doc. No. 25). The Commissioner then filed a joint motion for remand of the case pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) in this Court (Doc. 28), which the Court granted. Plaintiff subsequently filed an application for an award of $20,358.33 in fees under the EAJA. (Doc. 31).

**DISCUSSION**

The EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the Act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). The absence of any of the above factors shall preclude an award of fees. 28 U.S.C. § 2412(d)(1)(A), (B).

The only factor in dispute is whether the government's position was substantially justified. The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 108 S. Ct. 2541, 2549 (1988); *see also Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce*, 108 S. Ct. at 2550). Plaintiff argues that the mere fact that the Commissioner remanded the case means that the Commissioner's defense of the case was not

substantially justified. The Court finds this argument to be without merit. Indeed, this Court granted the Commissioner's "Motion for Summary Judgment" and found, consistent with the Commissioner's arguments, that the ALJ applied the correct legal standards and substantial evidence supported his conclusion that Plaintiff was not disabled. (Doc. 20). Accordingly, the Court finds that the Commissioner's position was substantially justified. The Court therefore finds it unnecessary to address whether the requested fees are reasonable.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act is hereby DENIED.

Signed: September 14, 2022

Graham C. Mullen
United States District Judge